## TRYON *v.* HARTRANFT.[1]

*(Circuit Court, E. D. Pennsylvania. 1887.)*

CUSTOMS DUTIES—BOXES—ACT OF MARCH 3, 1883, § 7—APPRAISEMENT.

If an invoice of goods contains a statement that the value of the cartons, coverings, etc., of the goods, is included in the invoice value, and at the time of the entry the importer writes on the invoice the separate value of the cartons, coverings, etc., duty cannot be exacted on the entire invoice value, but must be charged upon the entire invoice, less the value of the cartons, coverings, etc.

At Law.

This was an action to recover the amount of customs duties alleged to have been wrongfully exacted from the plaintiff by the collector of the port of Philadelphia. The case was tried before Judge BUTLER, and a jury. In a special verdict the jury found as follows:

### "SPECIAL VERDICT.

"The jury find: (1) In the year 1883 the plaintiffs were merchants in the city of Philadelphia, and the defendant was collector of the customs for the district of Philadelphia. (2) The plaintiffs imported into the port of Philadelphia, between May 15, 1883, and October 18, 1883, both inclusive, various lots of fire-arms, caps, and wads, which were duly entered at the custom-house. (3) All of the articles so imported were, for the purposes of transportation, incased in boxes and coverings, which were the usual and necessary coverings for that class of merchandise. Except in the case of two importations entered respectively on August 14, 1883, and September 20, 1883, each invoice contained a statement of the separate value of these boxes and coverings, written on the invoice at the time it was originally made out. In the case of the two importations of August 14, 1883, and September 20, 1883, the invoices contained no statement of the separate cost of the boxes, coverings, etc., written on the invoices at the time they were made out, but at the foot of each invoice were printed the words, ' All charges for boxes, cartons, packing, etc., are included in the prices of the goods;' and at the time of the entry of the merchandise the importer wrote in lead-pencil on the invoice of the entry of August 14, 1883, a statement of the separate costs of the boxes, coverings, etc., as follows:

Net cost of boxes, etc., - - - - - - £23–2–6 on caps
"    "    "    "    " - - - - - £10–8 "  " wads

—And on the invoice of the entry of September 20, 1883, wrote in lead-pencil a similar statement, as follows:

Estimated cost of inside wrappers and boxes, - - - £24–7–6
On caps—Ditto on wads, - - - - - £10–8

£34–15–6

"(4) The defendant, as collector, as aforesaid, exacted duty on the value of all the boxes and coverings at the same rate of duty that was payable by their contents. The plaintiffs, in order to obtain the said goods, paid the duty so exacted on the value of the boxes and coverings, and made due protests against the exaction thereof, claiming that the boxes and coverings were not dutiable. (5) The plaintiffs made due appeals from said decision of said col-

---

[1] Reported by C. Berkeley Taylor, Esq., of the Philadelphia bar.

lector to the secretary of the treasury, who, by decisions in writing, affirmed the said decisions of the defendant; whereupon the plaintiffs, on July 26, 1884, brought this suit. (6) A bill of particulars is hereto annexed, showing the respective dates of the invoices of said fire-arms, caps, and wads, and of the entries at the custom-house, the payment of duties in excess, the filing of protest, the appeal to the secretary of the treasury and the secretary's decision, and showing also the amount of duties claimed by plaintiffs to have been illegally exacted. (7) The amount of duty exacted by defendant, and paid by plaintiffs under protest, on the boxes and coverings, the separate cost of which was written on the invoices at the time they were made out, is the sum of one hundred and fifty-four dollars and five cents. The amount of duty exacted by defendant, and paid by plaintiffs under protest, on the boxes and coverings, the separate cost of which was not written on the invoices at the time the same were made out, but the value of which was therein stated to be included in the prices of the goods, and was afterwards written on each invoice by the importer at the time of entry, is the sum of one hundred and twenty-eight dollars and fifteen cents.

"And the said jurors say that they are ignorant in point of law on which side they ought, upon the facts, to find the issue; but that if the court should be of opinion that the plaintiffs are entitled to recover the money paid as duty on the boxes and coverings, the separate cost of which was written on the invoices at the time the latter were made out, and not the money paid as duty on the other boxes and coverings, as written on the invoices by the importer, then they find for said plaintiffs in the sum of one hundred and fifty-four dollars and five cents, with interest to be computed upon the separate items thereof, from the respective dates of payment as shown by the annexed bill of particulars. If the court should be of opinion that the plaintiffs are entitled to recover the money paid as duty on all the boxes and coverings included in said importations, then they find for said plaintiffs in the sum of two hundred and eighty-two dollars and twenty cents, with interest to be computed upon the separate items thereof from the respective dates of payment, as shown by the annexed bill of particulars. If the court should be of opinion that the plaintiffs are not entitled to recover any of the money paid as duty on boxes and coverings, as aforesaid, then they find for defendant."

*Frank P. Prichard,* for plaintiff.
*John K. Valentine,* U. S. Dist. Atty., for defendant.

The case was subsequently argued, and the court (BUTLER, J.) directed a judgment to be entered for the plaintiff for the full amount claimed.